IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARRELL TUCKER, | : | |
| Plaintiff | : | |
| vs. | : | |
| JAMES DONALD, *et al.*, | : | NO. 5:10-CV-394 (MTT) |
| Defendants | : | **O R D E R** |

Plaintiff **DARRELL TUCKER**, an inmate at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of Hancock State Prison.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then

2

the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff was convicted of aggravated assault in June 2006. He was sentenced to seven years imprisonment, with plaintiff's maximum release date being June 2013.

According to plaintiff, while he was confined at Phillips State Prison, he had someone else's "GDC number." After three months, "they" gave plaintiff his current GDC number, 655379, which plaintiff claims is "still not right."

Plaintiff further claims that he has been improperly identified as his "co-defendant," Demetrie Smith.[1]

Plaintiff seeks five million dollars in damages for this "harmful mistake." In addition, plaintiff seeks immediate release from prison "due to Ga. D.O.C. unable to clearly state who is incarcerated," an order directing prison officers to correct plaintiff's files, and "continued medical treatment on [plaintiff's] right knee.

## III. DISCUSSION

Plaintiff has failed to allege the violation of any constitutional right necessary to support a section 1983 action. Plaintiff indicates that he was convicted of aggravated assault and sentenced to seven years imprisonment. Plaintiff makes no argument that his conviction, sentence, or

---

[1] The Court notes that the Georgia Department of Corrections' ("GDOC") website indicates that "Demetrie Smith" is one of plaintiff's "known aliases."

treatment have been affected by prison officials giving plaintiff multiple "GDC numbers" or GDOC records referring to plaintiff by an additional name.

Moreover, plaintiff's request that he be released from prison must be presented in a petition for writ of habeas corpus, following the exhaustion of state court remedies, and not in a section 1983 action. ***See Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

Finally, plaintiff has alleged no facts regarding his knee for which he requests "continued medical treatment." If plaintiff wishes to bring a claim regarding his medical treatment, he should file a separate section 1983 complaint and set forth all facts that support his contentions.

## *IV. CONCLUSION*

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 29th day of October, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr